UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KENT A. EASLEY, | ) |
|        Petitioner, | ) |
| vs. | ) 1:12-cv-775-WTL-MJD |
| STANLEY KNIGHT, | ) |
|        Respondent. | ) |

**Entry and Notice**

The motion for summary disposition/summary judgment has been considered.

**I.**

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is `no,' the petition is barred either for failure to exhaust state remedies or for procedural default." *Id.*

In a case such as this, the court is obligated to move forward for three reasons: *First,* all litigants deserve a prompt decision consistent with the claims and defenses presented, the nature and extent of factual disputes, and other variables with which counsel are well familiar. *Second,* the responsible management of the court's docket requires that cases be resolved. *Third,* the Supreme Court has emphasized that habeas corpus proceedings are intended to provide "swift, flexible, and summary determination[s]." *Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 271 (1978); see also *O'Connor v. United States,* 133 F.3d 548, 551(7th Cir. 1998)(Congress expressed in the [Antiterrorism and Effective Death Penalty Act] a strong preference for swift and conclusive resolution of collateral attacks."); *Post v. Gilmore,* 111 F.3d 556, 557 (7th Cir. 1997) ("Liberty's priority over compensation is why 28 U.S.C. § 1657 specifies that requests for collateral relief go to the head of the queue. . . ."). These factors must be implemented, however, in the face of a busy

court docket and the reality that "[f]ederal habeas corpus happens to be one of the most complex areas of American law." *Holmes v. Buss*, 506 F.3d 576, 579 (7th Cir. 2007).

## II.

This action for habeas corpus relief by a state prisoner was filed on June 5, 2012. An answer to the habeas petition was filed on August 7, 2012, and the petitioner's reply was filed seven weeks later. The action has been fully at issue since October 30, 2012. An expanded record has been filed. The procedural jungle of proceedings in the Indiana state courts has served up a matching thicket here. This case is one of several habeas actions filed by the petitioner in recent years. Until yet another habeas action, No. 2:13-cv-00023-WTL-WGH, was filed on January 18, 2013, it was the only habeas action brought by him which remained unresolved.

## III.

Based on all the above circumstances, and noting also that the motion considered herein does not independently establish that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), the motion for summary disposition/summary judgment [41] is **denied**. The court's duty is to comply with the mandate of 28 U.S.C. ' 2243 to Adispose of the matter as law and justice require,@ and the court will continue to proceed with this duty.

**IT IS SO ORDERED.**

Date: 01/28/2013

Distribution:

Kent Easley
DOC #103481
Putnamville Correctional Facility
1946 West U.S. 40
Greencastle, IN 46135-9275

Electronically Registered Counsel

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana