UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KENT A. EASLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-775-WTL-MJD |
| | ) | |
| STANLEY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Motion to Correct Errors and for Relief from Order**

This is an action for habeas corpus relief brought by a state prisoner. The action was filed on August 7, 2012, and has been fully at issue since October 30, 2012.

On January 28, 2013, the court noted the foregoing, together with other procedural matters, and denied the petitioner's "motion for summary disposition/summary judgment." The court noted in doing so that its duty was "to comply with the mandate of 28 U.S.C. § 2243 to 'dispose of the matter as law and justice require.'"

The petitioner has filed a motion to correct errors and for relief from order with respect to the ruling of January 28, 2013.

Rule 60(b) and Rule 59(e) of the *Federal Rules of Civil Procedure* are often cited as authority when reconsideration of an interlocutory order is sought. The petitioner's motion to reconsider is not exception and cites these Rules. However, these Rules are not authority for such relief. Rule 60(b) concerns only final orders, not interlocutory ones. *See Houston Fearless Corp. v. Tetter,* 313 F.2d 91, 92 (10th Cir. 1962); *Ponca Tribe of Indians of Okla. v. Cont'l Carbon Co.,* 2006 WL 2850482, at *1 (W.D.Okla. Sept. 29, 2006) (unpublished) (outlining legislative history of Rule 60[b]); *Nat'l Bus. Brokers v. Jim Williamson Prods., Inc.,* 115 F.Supp.2d 1250, 1255-56 (D.Colo. 2000); 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, **Federal Practice and Procedure** § 2851-52 (2d ed. 1995). Rule 59(e) does not apply to motions for reconsideration of interlocutory orders from which no immediate appeal may be taken, *see United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000), including summary judgment denials. *See Pacific Union Conf. of Seventh-Day Adventists v. Marshall,* 434 U.S. 1305, 1306 (1977)(Rehnquist, J., in chambers). Reliance on Rules' 59 and 60(b) in seeking reconsideration of the ruling of January 28, 2013, is therefore misplaced.

Nonetheless, the court has the authority to consider this request. *Peterson v. Lindner,* 765 F.2d 698, 704 (7th Cir. 1985)(a district court clearly has the "inherent power to modify or rescind interlocutory orders prior to final judgment").

A motion to reconsider is designed to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). For example, a motion for reconsideration is appropriate when: (1) a court has patently misunderstood a party; (2) a court has made a decision outside the adversarial issues presented; (3) a court has made an error not of reasoning but of apprehension; or (4) a change in the law or facts has occurred since the submission of the issue. On the other hand, a motion for reconsideration is an "improper vehicle to introduce evidence previously available or to tender new legal theories." *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986).

The respondent has asserted procedural defenses to the habeas petition. The habeas petition itself and the several filings made in support of it reveal what the court termed in Part II of the Entry of January 28, 2013, as "[t]he procedural jungle of proceedings in the Indiana state courts[.]"

The petitioner seeks reconsideration based on his contention that the court erred in not concluding that (1) he had overcome the customary consequences of any procedural default, and (2) he had shown his entitlement to relief pursuant to 28 U.S.C. § 2254(a). He does not, however, present any additional evidence to support these contentions. He also does not make any argument which was not previously made. In these circumstances, reconsideration is not warranted. *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269-70 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.").

Based on the foregoing, therefore, the petitioner's motion to correct errors and for relief from order [43] is **denied.**

**IT IS SO ORDERED.**

Date: 04/01/2013

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Kent Easley
DOC #103481
Putnamville Correctional Facility
1946 West U.S. 40
Greencastle, IN 46135-9275

Electronically Registered Counsel