UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENT A. EASLEY, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>STANLEY KNIGHT, )<br>)<br>Respondent. ) | No. 1:12-cv-775-WTL-MJD |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Kent Easley for a writ of habeas corpus must be **denied.** In addition, the court finds that the certificate of appealability should not issue**.**

**I.**

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). "A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000).

The pleadings and the expanded record established the following:

1.      In December 2000, Easley pled guilty pursuant to a plea agreement to two counts of dealing cocaine as class B felonies and possession of marijuana as a Class A misdemeanor in the Shelby County Superior Court. Easley was sentenced to an aggregate term of twenty years, with ten years executed and ten years suspended to probation.

    2.     In June 2007, a probation officer filed a petition to revoke Easley's probation. After various proceedings, Easley's probation was revoked and he was ordered to serve three of the ten years of his previously-suspended sentence. The revocation determination was affirmed on appeal in *Easley v. State,* No. 73A04–0810–CR–580 (Ind.Ct.App. August 4, 2009). The lone issue on which the action was remanded was for determination of Easley's total jail credit time.

    3.     A second probation violation petition was filed February 24, 2010. The petition, as amended, was granted on December 22, 2010, at which time Easley was ordered to serve the remaining seven years of his previously-suspended sentence.

    4.     Easley's appeal from the second revocation of his probation was dismissed with prejudice pursuant to Indiana Appellate Rule 45(D) after Easley failed to timely submit an appellant's brief after a number of extensions were granted. *Easley v. State,* No. 73A04–1012–CR–3 (Ind.Ct.App. Oct. 28, 2011).

    5.     Easley's additional filings in the trial court produced another appellate decision in *Easley v. Ind. Dep't of Corr.,* No. 49A04–1202–PL–220 (Ind.Ct.App. Sept. 17, 2012), *transfer denied,* 982 N.E.2d 298 (Ind. Jan. 31, 2013), wherein much of the foregoing was reviewed.

    6.     Easley sought habeas corpus relief in a prior petition, No. 1:11-cv-01276-JMS-DKL. That action was dismissed without prejudice on January 20, 2012, with the following explanation: "In this case, the procedural inquiry is conclusive as to the proper outcome. As noted, Easley's challenge in the Indiana state courts is not complete. This is because his petition to transfer is pending, and this shows that his present habeas filing was premature." A post-judgment filing in No. 1:11-cv-01276-JMS-DKL, dkt. 30-2, page ID 602, shows that Easley's petition to transfer in No. 73A04–1012–CR–3 was denied on April 25, 2012.

Easley's habeas claim is that his current custody is unlawful because of the Indiana courts' mismanagement of his appeal from the second probation revocation and the failure of those courts to reach the merits of his challenge to the second probation revocation.

The respondent argues that consideration of Easley's habeas claims is barred by procedural default. Procedural default occurs "when a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed." *Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004).

A habeas petitioner can procedurally default a claim in two ways. First, if he has not fairly presented a claim to the state courts and, at the time he files his habeas petition, state law no longer allows him to raise it in the state courts, the claim is procedurally defaulted. Second, a petitioner procedurally defaults a claim if he fails to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*

The principal procedural default which is pertinent here is the independent and adequate state ground doctrine. This doctrine was and remains a viable component of habeas corpus jurisprudence.

> It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment. In the context of federal habeas proceedings, the independent and adequate state ground doctrine is designed to ensure that the States' interest in correcting their own mistakes is respected in all federal habeas cases. When a petitioner fails to properly raise his federal claims in state court, he deprives the State of an opportunity to address those claims in the first instance and frustrates the State's ability to honor his constitutional rights. Therefore, consistent with the longstanding requirement that habeas petitioners must exhaust available state remedies before seeking relief in federal court, we have held that when a petitioner fails to raise his federal claims in compliance with the relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review.

*Cone v. Bell,* 129 S. Ct. 1769, 1780 (2009) (internal citations omitted). "A state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time—as state rules define those courts, ways, and times. Failure to comply with the state's procedural rules furnishes an independent and adequate state ground of decision that blocks federal collateral review." *Szabo v. Walls,* 313 F.3d 392, 395 (7th Cir. 2002) (citations omitted).

Easley's procedural default is two-fold. It consists first in his failure to timely submit an appellant's brief after a number of extensions were granted in No. 73A04–1012–CR–3 and in the dismissal of the appeal for that reason. It consists second in his failure to present his claims—

properly present his claims under Indiana law—to the Indiana Supreme Court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)("'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary."); *Hough v. Anderson,* 272 F.3d 878, 892-93 (7th Cir. 2001) (petitioner's failure to present issue to Indiana Supreme Court constituted procedural default).

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted). Easley has not shown such circumstances, and hence the court is precluded from reaching the merits of any other arguments he makes.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, it is procedural default which poses a hurdle to resolution of the merits of Easley's claims and for the reasons explained herein his petition for writ of habeas corpus is **denied**. The motion for leave for more definite statement [dkt 59] is a lengthy interrogative about the development of this case and is also **denied.**

Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Easley has failed to

show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling[s]." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

    IT IS SO ORDERED.

Date: _11/26/2013_____

                                              Hon. William T. Lawrence, Judge
                                              United States District Court
Distribution:                               Southern District of Indiana

Kent Easley
DOC #103481
Putnamville Correctional Facility
1946 West U.S. 40
Greencastle, IN 46135-9275

Electronically Registered Counsel